IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **WILLIAM RICHARD CAMPBELL,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **CIVIL ACTION V-07-30** |
| | § | |
| **NATHANIAL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

William Richard Campbell ("Petitioner"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Dkt. No. 1. Respondent has filed a Motion for Summary Judgment. Dkt. No. 8. Having considered the motion, record, and relevant law, the Court finds that Respondent's motion should be GRANTED and Petitioner's habeas petition should be DISMISSED.

Petitioner claims that his rights were violated in the course of disciplinary proceeding number 20060322922. Dkt. No. 1 at 5. Petitioner incurred a punishment of fifteen days loss of good time credits and forty-five days loss of recreation and commissary privileges. Disciplinary Hearing Records at 2.

Under the provisions of 28 U.S.C. § 2254(d), the federal courts accord wide deference to the decisions of the state courts. *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir. 1998). However, the proceeding in this action has not been reviewed by the state courts of Texas because the state courts will not review prison disciplinary claims. *Ex parte Brager*, 704 S.W.2d 46 (Tex. Crim. App. 1986).

The Court will consider whether Petitioner's constitutional rights were violated during the disciplinary proceeding brought against him.  28 U.S.C. § 2254(d).

In order to obtain habeas relief, Petitioner must establish a violation of a constitutional right. *Lawrence v. Lensing*, 42 F.3d 255, 258 (5th Cir. 1994).  Petitioner's challenges regarding his loss of recreation and commissary privileges have no basis in law because such punishments are not actionable in federal court.  *See Sandin v. Conner*, 515 U.S. 472 (1995).  A prison inmate may only seek relief from disciplinary actions which impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.  Petitioner's loss of privileges for forty-five days does not implicate any due process concerns.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) ("[C]ommissary . . . restrictions as punishment are in fact merely changes in the conditions of . . . confinement and do not implicate due process concerns.").

Petitioner also challenges the forfeiture of fifteen days of good time credit.  Such a claim may be actionable if Petitioner's release under mandatory supervision is actually delayed by a disciplinary proceeding in which his due process rights were violated.  *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).  Petitioner is in prison because he was convicted of being a felon in possession of a firearm.  *Id.* at 2.  Petitioner's earlier conviction that made him a felon in the first place was for robbery under TEX. PENAL CODE ANN. § 29.02.  *See* Dkt. No. 8, Exh. B at 2.  Per TEX. GOV'T CODE ANN. § 508.149(a)(11), this earlier conviction made Petitioner ineligible for mandatory supervision: "An inmate may not be released to mandatory supervision if the inmate . . . has been previously convicted of . . . a second degree felony under Section 29.02, Penal Code . . . ."  TEX. GOV'T CODE ANN. § 508.149(a)(11).  Petitioner's petition, in fact, admits that he is not eligible for mandatory supervision.  Dkt. No. 1 at 5.  Therefore, any loss of good time credit does not affect the

2

duration of Petitioner's incarceration and is not actionable. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

For the foregoing reasons, Respondent's Motion for Summary Judgment is GRANTED and Petitioner's habeas petition is DISMISSED.

It is so ORDERED.

Signed this 8th day of January, 2009.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE